IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CLIFFORD PRESS, as authorized representative )
of the fractional owners of that certain aircraft )
bearing tail number N132SL, et al., )
)
Plaintiffs, )
)
v. ) 1:15CV41
)
AGC AVIATION, LLC, et al., )
)
Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiffs' motion to remand this action to state court pursuant to 28 U.S.C. § 1447(c). (Docket Entry 5.) Defendants have filed a response in opposition to this motion. (Docket Entry 9.) Also before the Court is Plaintiffs' motion to dismiss.[1] (Docket Entry 7.) A hearing was held on June 29, 2015. Thereafter, the undersigned entered an Order requiring parties to submit additional briefing regarding the citizenship of both parties. (*See* Text Order dated 06/30/15.) The parties submitted additional briefing, and Defendants now concede diversity does not exist among the parties. (*See* Defs.' Supp. Resp., Docket Entry 23.) As such, this case should be remanded for lack of subject matter jurisdiction. *In re Lowe*, 102 F.3d 731, 734 (4th Cir. 1996) (citing 28 U.S.C. §

---

[1] When simultaneously faced with motions to dismiss and remand, "[the Court] should resolve the remand motion first so as to establish whether subject matter jurisdiction exists." *Andrews v. Daughtry*, No. 1:12-CV-441, 2013 WL 664564, at *4 (M.D.N.C. Feb. 22, 2013) (citing *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir.1959)). Because the undersigned recommends granting the motion to remand, "[t]he proper course is to deny the motion [to dismiss] without prejudice for lack of subject matter jurisdiction." *Id.* at *15 (citation omitted).

1447(c)) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Plaintiffs also request attorney's fees and costs associated with the motion to remand. (*See* Docket Entries 6, 24 and 24-1.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award attorney's fees is within the discretion of the Court. *Georgetown Condominiums Homeowners' Ass'n, Inc. v. Cmty. Apartments Corp. of Forsyth Cnty. No. 3*, 387 F. Supp. 2d 512, 515 (M.D.N.C. 2005). Bad faith is not technically required to award attorney's fees pursuant to 28 U.S.C. § 1447(c). *In re Lowe*, 102 F.3d at 733 n.2. However, most courts addressing this issue have engaged in a bad faith analysis. *See ITT Indus. Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987); *Paraclete Aero, Inc. v. Protective Prods. Enterprises, LLC.*, No. 1:13CV325, 2013 WL 6070377, at *5 (M.D.N.C. Nov. 18, 2014); *Phillips v. BJ's Wholesale Club, Inc.*, 591 F. Supp. 2d 822, 826 (E.D. Va. 2008); *Parker v. Johnny Tart Enterprises, Inc.*, 104 F. Supp. 2d 581, 585 (M.D.N.C. 1999). The United States Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Plaintiffs argue that Defendants' grounds for removal were flawed, and Defendants therefore lacked an objectively reasonable basis for removal in light of its subsequent concession that diversity of citizenship never existed even between Defendants and the only alleged real party Plaintiff, Mr. Clifford Press. (*See* Docket Entries 6 and 24.) Defendants

2

apparently relied upon the citizenship of the parties set out in Plaintiff's Complaint at the time of removal. (*See* Defs.' Resp. at 2, Docket Entry 23.) Although the Court recommends remand in this matter based on lack of diversity, the undersigned finds that Defendants' removal petition, while defective, does not appear to have been filed in bad faith or with the intention of purposefully delaying the action. There is insufficient evidence to show that Defendants did not have "an objectively reasonable basis for removal." *Martin*, 546 U.S. at 136. Thus, within its discretion, the Court recommends that Plaintiffs' request for costs, expenses and attorneys' fees be denied.

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiffs' motion to remand (Docket Entry 5) be **GRANTED IN PART** to the extent this case should be **REMANDED** to the General Court of Justice, Superior Court Division, in Guilford County, North Carolina for further proceedings pursuant to 18 U.S.C. § 1447(c), but **DENIED IN PART** as to Plaintiffs' requests for attorney's fees and costs.

**IT IS FURTHER RECOMMENDED that** Plaintiffs' motion to dismiss (Docket Entry 7) be **DENIED** without prejudice as moot for lack of subject matter jurisdiction.

_____
Joe L. Webster
United States Magistrate Judge

August 13, 2015
Durham, North Carolina

3